IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL A. SCOTT                                                                                        PLAINTIFF

vs.                             Civil No. 2:13-cv-02050

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Crystal A. Scott ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her DIB application on January 11, 2011.  (Tr. 13, 113-114). Plaintiff alleges being disabled due to bulging discs in her lower back with spurs and depression. (Tr. 161).  Plaintiff alleges an onset date of December 23, 2010. (Tr. 13, 113).  This application was denied initially and again upon reconsideration.  (Tr. 60-61).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 70-79).  Plaintiff's administrative hearing was held on December 19, 2011

in Fort Smith, Arkansas. (Tr. 28-59). At this hearing, Plaintiff was present and was represented by counsel, Matthew Ketcham. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Monty Lumpkin testified. *Id.* Plaintiff testified she was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 34). Plaintiff also testified she graduated from high school and completed over two years in "business school." (Tr. 35).

On February 9, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 13-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2015. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 23, 2010, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of L5-S1; status post micro discectomy; and depression. (Tr. 15, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant requires a sit stand option and the claimant is able to perform only simple tasks with simple instructions.

*Id.* Under 20 C.F.R. § 404.1567(a), such work is defined as "Sedentary work":

2

>   (a) Sedentary work.  Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21, Finding 6).  The ALJ determined Plaintiff's PRW included work as a receptionist and as a proof clerk.  *Id.*  Considering her RFC, the ALJ determined Plaintiff would be unable to perform any of her PRW. *Id.*  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 22, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as charge account clerk with approximately 390 such jobs within the regional economy and 32,848 such jobs within the national economy and production assembler with approximately 1,231 such jobs in the regional economy and 79,877 such jobs in the national economy.  (Tr. 22, Finding 10).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from her alleged onset date of December 23, 2010 through the date of the ALJ's decision or through February 9, 2012.  (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On January 5, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3).  On February 15, 2013, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 14-15.  This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ failed to develop the record as to her RFC; (B) the ALJ improperly discounted her subjective complaints of pain; and (C) the ALJ erred in his credibility determination. ECF No. 14 at 1-19. The Court will address each of Plaintiff's arguments.[1]

**A.    RFC Determination**

With this argument, Plaintiff claims the ALJ failed to fully credit her medical records and her allegations regarding her need to take "frequent breaks to rest due to insomnia, lack of restorative

---

[1] However, because Plaintiff's second (B) and third (C) arguments are essentially the same, the Court will address these arguments together.

sleep, and the side effects of her narcotic medications." ECF No. 14 at 12-13. As an initial matter, it is important to note in this case that the ALJ found Plaintiff had an extremely restricted RFC and only retained the ability to perform a limited range of sedentary work. (Tr. 17-21, Finding 5). Thus, the ALJ necessarily agreed with Plaintiff's claim that she is extremely limited in her ability to work. Considering this fact, the Court will address each of the claims Plaintiff has made regarding this issue.

First, Plaintiff claims the ALJ did not fully credit her medical records. ECF No. 14 at 13. Specifically, Plaintiff references two medical records: Tr. 328 and Tr. 364. Upon review, these are x-ray and MRI records relate to her back impairment. *Id.* They both demonstrate Plaintiff has a back impairment and could require back surgery. *Id.* The ALJ assessed these records when he considered her very restricted RFC. (Tr. 17-21, Finding 5). Plaintiff has not demonstrated these medical records establish she has greater limitations than those found by the ALJ in his RFC determination. Accordingly, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims the ALJ did not consider her need to take frequent breaks and rest intermittently during the day. ECF No. 14 at 12-13. Specifically, Plaintiff claims she suffers from insomnia, does not receive adequate "restorative sleep," and suffers from various side effects (including fatigue) due to her narcotic pain medication. *Id.* In his opinion, however, the ALJ did consider these claims but decided to discount them because he did not believe them to be credible. (Tr. 17-21).

Notably, as outlined below, the ALJ considered several inconsistences in the record when making this credibility determination, including the following: Plaintiff provided inconsistent information to the SSA regarding which sleeping position was comfortable (Tr. 21); Plaintiff alleged

6

a rate of deterioration within six months that was "improbable" (Tr. 19); and Plaintiff's daily activities (including preparing simple meals, feeding herself, driving a vehicle, watching television, playing games on her mobile phone and computer, visiting with her friends and family, attending medical appointments and church services, and managing her finances) (Tr. 19) all demonstrated she retained the ability to perform at least a restricted range of sedentary work.

Plaintiff claims the findings of Dr. Patricia Walz, Ph.D. support her allegation that her medication causes her fatigue and mental confusion. ECF No. 14 at 12-13. Dr. Walz examined Plaintiff on April 18, 2011. (Tr. 284-289). During this examination, Dr. Walz found Plaintiff's social skills were adequate, her speech was "clear and intelligible," her intellectual functioning was in the "average range," she persisted well, and her speed of information processing was "average." (Tr. 288). Dr. Walz also found Plaintiff could manage funds without assistance, had appropriate social interaction, was able to drive to the store "to grab something quickly," and passed the time by playing "on her phone or on the internet." *Id.* These findings are all consistent with the ALJ's RFC determination.

During the examination, however, Dr. Walz also found Plaintiff's attention and concentration were "certainly impaired," and Dr. Walz speculated that this was a "medication side effect." (Tr. 288). Dr. Walz does not provide any support for this finding, apart from her speculation. *Id.* The ALJ was not required to accept this speculation in assessing Plaintiff's RFC. Accordingly, the Court cannot find the ALJ erred in determining Plaintiff retained the capacity to perform a limited range of sedentary work even considering her medication side effects.

Third, under this argument header, Plaintiff addresses all of the hypothetical questions the ALJ posed to the VE. ECF No. 14 at 13-16. While the ALJ did pose several different hypothetical

questions to the VE, the ALJ was not required to adopt the VE's responses to all of those questions. Indeed, the ALJ is only required to adopt the VE's response to the hypothetical with the limitations he finds to be credible. *See Buckner v. Astrue,* 646 F.3d 549, 560-61 (8th Cir. 2011) (holding that the VE's testimony constitutes substantial evidence when it is based upon a hypothetical that accounts for all of the claimant's proven impairments or impairments the ALJ finds are substantially supported by the record as a whole). Here, the ALJ presented to the VE a hypothetical question with the limitations that he found credible (Tr. 55-56); and based upon the VE's response to that hypothetical question, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy. Accordingly, the Court finds no basis for reversal on this issue.

    **B.**    **Subjective Complaints**

Plaintiff argues the ALJ erred in his decision to discount her subjective complaints of disability. ECF No. 14 at 16-19. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. First, the ALJ fully evaluated Plaintiff's allegations of disabling physical and mental limitations. (Tr. 17-21). Second, as noted above, the ALJ discounted those subjective complaints for several legally-sufficient reasons. *Id.* These include the following findings: Plaintiff provided inconsistent statements regarding her limitations to the SSA (Tr. 21), she stated she could perform a number of daily activities (Tr. 19), and her rate of deterioration of sixth months was "improbable" considering the fact that she has not alleged a new injury (Tr. 19). Based upon this information, the Court finds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints,

and the ALJ's credibility determination should be affirmed. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

     **ENTERED this 27th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE
