IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL A. SCOTT                                                                                          PLAINTIFF

v.                                              Case No. 2:13-CV-02050

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                       DEFENDANT

**<u>ORDER</u>**

Currently before the Court is the Report and Recommendation (Doc. 16) filed on January 27, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  Also before the Court are Plaintiff's objections (Doc. 17).  No response to the objections has been filed.

Federal Rule of Civil Procedure 72(b)(2) allows a party to file objections to the proposed findings and recommendations of a magistrate judge.  That rule requires the objections to be "specific."  In this case, Plaintiff's objections to the Magistrate's 22-page report, are not set forth with any minimal level of specificity so as to enable the Court to engage in an appropriate *de novo* review of the voluminous record in this case.  See *Belk v. Purkett*, 15 F.3d 803 (8th Cir. 1994) (while emphasizing the necessity of *de novo* review, indicating that lack of specificity may be an appropriate basis for denying *de novo* review in cases involving extensive records, which would make it difficult to focus upon any alleged errors if insufficiently directed by the parties); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant

to contribute to the judicial process"). Rather, Plaintiff's objections are general restatements of the subheadings of Plaintiff's arguments contained in her original appeal brief, with no reference to any portions of the magistrate's report to which Plaintiff specifically objects. The Magistrate addressed all of Plaintiff's general arguments in his report and recommendation, and Plaintiff does not identify any portion of the Magistrate's analysis that she alleges to be in error. Plaintiff likewise does not cite to any portion of the record or relevant case law that would support her position that the Court should not adopt the report and recommendation of the Magistrate.

Because Plaintiff's objections are so general as to not trigger *de novo* review, the Court has instead reviewed the Magistrate's report for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed and the time for filing objections has expired, the district court should review findings of the magistrate for clear error). Having conducted such review, the Court finds that the magistrate's findings contain no clear error and the recommendation should be accepted.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety.

Judgment will be entered accordingly.

IT IS SO ORDERED this 18th day of March, 2014.

*s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE